**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT COURT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **GLEN COCHRAN** AND **CRYSTAL WELCH,** on behalf of themselves and all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) **IGNITE LOGISTICS LLC.** ) ) Defendant. ) | Case No._____ **COLLECTIVE AND CLASS ACTION COMPLAINT** **JURY DEMAND ENDORSED HEREON** |

Plaintiff Glen Cochran ("Plaintiff Cochran"), and Plaintiff Crystal Welch ("Plaintiff Welch")(collectively "Plaintiffs") on behalf of themselves and all others similarly situated, for their collective and class action Complaint against Defendant Ignite Logistics LLC ("Defendant"), state and allege as follows:

**INTRODUCTION**

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111 and R.C. 4113.15.

2. Plaintiffs bring this case as a "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of [her]self or themselves and other employees similarly situated." Plaintiffs bring this case on behalf of themselves and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

3. Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA and R.C. 4113.15 on behalf of other similarly situated employees employed by Defendant in Ohio (the "Class").

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District and Division.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff Cochran is an adult individual residing in Dayton, Ohio, in Montgomery County.

8. Plaintiff Cochran was employed by Defendant from approximately September 2021 until approximately February 2022, and then from August 2022 until September 2023, as a non-exempt employee who was paid on an hourly basis.

9. Plaintiff Welch is an adult individual residing in Moraine, Ohio, in Montgomery County.

10. Plaintiff Welch was employed by Defendant from approximately May 2022 until February 2023, as a non-exempt employee who was paid on an hourly basis.

11. At all relevant times, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e), and R.C. 4111.03(D)(3) and 4113.15.

12. Defendant is a domestic limited liability company that operates a delivery service in Dayton, Ohio (Montgomery County). It can be served via its statutory agent: Christina Mendieta at 1490 Forrer Blvd, Suite 20592, Dayton, Ohio 45420.

13. At all relevant times, Defendant was an employer within the meaning of the FLSA, and R.C. 4111.03(D)(2) and 4113.15.

14. At all relevant times, Defendant constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. At all relevant times, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

16. Plaintiff Cochran's written Consent to Join this Action is attached hereto as **Exhibit A**.

17. Plaintiff Welch's written Consent to Joint this Action is attached hereto as **Exhibit B.**

## FACTUAL ALLEGATIONS

18. Defendant is a first-class cargo carrier that performs delivery services for Amazon to the greater Dayton region.

19. Plaintiffs, and those similarly situated, were employed as delivery drivers for Defendant.

20. Plaintiffs and those similarly situated drove Defendant provided delivery vans that had a gross vehicle weight rating of 10,000 pounds or less to fulfill delivery services.

21. Plaintiffs and other similarly situated employees were non-exempt employees under the FLSA and Ohio law and were paid an hourly wage.

22. Plaintiffs and those similarly situated were responsible for loadings delivery packages, fulfilling deliveries, unloading undelivered packages, filling work vehicles with gas and keeping their work vehicles clean.

23. In addition to the above duties, Defendant also required Plaintiffs and those similarly situated to participate in "stand-up meetings" prior to making deliveries each shift.

24. Although stand-up meetings would typically occur at 10:20-10:30 a.m., Defendant required Plaintiffs and those similarly situated to report in advance of the stand-up meetings in order to get their assigned bags, keys to their delivery vans, scheduled routes, and itinerary for the scheduled deliveries.

25. Defendant, however, maintained a business practice within the last three years that prohibited Plaintiffs and those similarly situated from "clocking in" until the stand-up meetings started.

26. Therefore, Plaintiffs and other similarly situated employees were not paid for hours worked prior to the stand-up meetings.

27. Once the meetings began, Plaintiffs and those similarly situated would then "clock in" and driver performance from the day before would be discussed. Topics often discussed were if drivers were able to complete their deliveries in the scheduled time period, whether drivers delivered their packages from the day before or were unable to complete all deliveries, and driver safety concerns.

28. As a part of the meetings, it was underscored that Plaintiffs and those similarly situated were required to make their deliveries within the allotted timeframe.

29. If delivery drivers were unable to fulfill their deliveries within the allotted timeframe, Defendant maintained a policy to provide a written warning during the first occurrence and additional escalated discipline, including termination, during the second occurrence.

30. After the stand-up meetings concluded, Plaintiffs and those similarly situated would retrieve their delivery vans, load their vans with packages, and begin their scheduled deliveries.

31. Plaintiffs and those similarly situated were required to use the Amazon Flex app ("the app") to track their deliveries.

32. Per the app, Plaintiffs and those similarly situated were required to fulfill their deliveries each day within a 10-hour time period or else they would be logged out and unable to make additional deliveries.

33. In order to complete the deliveries within the 10-hour timeframe, Plaintiffs and those similarly situated had to consistently make deliveries without taking lunch breaks or rest periods.

34. However, within the last three years, Defendant maintained a pay practice that deducted one-half hour of compensable hours worked from Plaintiffs and those similarly situated for a "lunch break."

35. As a part of this pay practice, Plaintiffs and those similarly situated employees within the last three years were not paid for hours worked as a result of Defendant deducting one-half hour each shift for an alleged "lunch break".

36. Plaintiffs and other similarly situated employees, as full-time employees, regularly worked 40 or more hours in a workweek in the last three years.

37. Plaintiffs and other similarly situated employees were not paid for all of the time spent for hours worked prior to stand-up meetings, during the deducted lunch break periods, and other times.

38. As a result of Plaintiffs and other similarly situated employees not being paid for all hours worked, Plaintiffs and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of 40 each workweek.

39. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and OMFWSA. Managers and supervisors knew Plaintiffs and others similarly situated were performing this work and not being paid for it. For example, Plaintiffs and many other co-workers made numerous complaints that that they were not able to take their lunch breaks. Plaintiffs also recall being required to report prior to the stand-up meetings, but being instructed to not clock in until the meetings began.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiffs brings this action on behalf of themselves pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

41. The class that Plaintiffs seek to represent and for whom Plaintiffs seek the right to send court supervised notices for purposes of the collective action, and of which Plaintiffs themselves are members, is composed of and defined as follows:

> **All current and former hourly employees who performed work for Ignite Logistics LLC in Ohio and who were involved in delivery services and who worked 40 or more hours during a workweek at any time from three (3) years preceding this Complaint through final disposition of this matter**.

42. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiffs are representative of

those other employees and are acting on behalf of their interests as well as their own in bringing this action.

43. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

44. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and a class of persons employed by Defendant in Ohio defined as:

> **All current and former hourly employees who performed work for Ignite Logistics LLC in Ohio and who were involved in delivery services and who worked 40 or more hours during a workweek at any time from two (2) years preceding this Complaint through final disposition of this matter.**

45. The Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state the exact size of the potential Class but, upon information and belief, avers that it consists of at least 90 or more people.

46. There are questions of law or fact common to the Class including: whether Defendant failed to pay its employees for periods of compensable time, including, but not limited to, time it deducted as "lunch breaks" and for periods of time spent working before "stand-up meetings", whether that resulted in the underpayment of overtime, and whether Defendant failed to pay the Class wages on a semi-monthly basis as required by R.C. 4113.15.

47. Plaintiffs will adequately protect the interests of the Class. Their interests are not antagonistic to but, rather, are in unison with, the interests of the Class members. Plaintiffs' counsel

has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Class in this case.

48. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
### (FLSA Overtime Violations)

50. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

51. Plaintiffs and other similarly situated employees were not paid for all hours worked. This includes, but is not limited to, hours worked that Defendant improperly deducted for "lunch breaks", the hours worked prior to stand-up meetings, and other hours worked not compensated.

52. Plaintiffs and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

53. Defendant's practice and policy of not paying Plaintiffs and other similarly situated employees for time spent working through "lunch breaks" and working before "stand-up meetings",

as well as for other compensable time, resulted in Defendant's failure to pay Plaintiffs and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

54. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

55. As a result of Defendant's practices and policies, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Ohio Overtime Violations)

56. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

57. Plaintiffs and other similarly situated employees were not paid for all hours worked. This includes, but is not limited to, hours worked that Defendant improperly deducted for "lunch breaks", the hours worked prior to stand-up meetings, and other hours worked not compensated.

58. Plaintiffs and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

59. Defendant's practice and policy of not paying Plaintiffs and other similarly situated employees for time spent working through "lunch breaks" and working before "stand-up meetings", as well as for other compensable time, resulted in Defendant's failure to pay Plaintiffs and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the OMFWSA, R.C. 4111.03(A).

60. As a result of Defendant's practices, Plaintiffs and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## COUNT THREE
### Failure to Pay Wages on a Semimonthly Basis

61. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

62. R.C. 4113.15(A) requires that Defendant pays Plaintiffs and the Class all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

63. There is no dispute that Defendant has an obligation to pay employees for all hours worked. However, Defendant did not pay Plaintiffs and the Class for time spent working through "lunch breaks" and working before "stand-up meetings".

64. Plaintiffs and the Class member's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of R.C. 4113.15(A)

65. In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

66. As a result of Defendant's willful violation, Plaintiffs and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to R.C. 4113.15(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all persons similarly situated, prays that this Honorable Court:

A. Certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a Rule 23 class action;

C. Enter judgment against Defendant, and in favor of Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award Plaintiffs, the Opt-Ins who join, and the putative class actual damages for unpaid wages;

E. Award Plaintiffs, the Opt-Ins who join, and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiffs, the Opt-Ins, and the putative class;

F. Award Plaintiffs and the Class liquidated damages in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Class Member, whichever is greater;

G. Award Plaintiffs, the Opt-Ins who join, and the putative class pre-judgment and post-judgment interest at the statutory rate;

H. Award Plaintiffs, the Opt-Ins who join, and the putative class attorneys' fees, costs, and disbursements;

I. Award Plaintiffs, the Opt-Ins who join, and the putative class further and additional relief as this Court deems just and proper; and

Respectfully submitted,

*/s/ Adam L. Slone*
Adam L. Slone OH Bar No. 0093440
**BRIAN G. MILLER CO., L.P.A.**
250 West Old Wilson Bridge Road, Suite 270
Worthington, OH 43085
Phone: (614) 221-4035
Facsimile: (614) 987-7841
als@bgmillerlaw.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all claims so triable.

*/s/ Adam L. Slone*
*Counsel for Plaintiffs*